UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

EDDRELL SCOTT,                          )
ELY,                                    )
DANIEL VEGA,                            )
LILLIE,                                 )
BACHAR,                                 )
                                        )
                Plaintiffs,             )
                                        )
        v.                              )       No. 1:24-cv-01518-JPH-KMB
                                        )
CHRISTINA REAGLE Cammissoner,           )
DEANNA DEWENGER Centerion               )
Director,                               )
CENTEVION CORPERATION COMPANY,          )
NEW CASTLE PRISON and or Geo Prison     )
Company,                                )
GEO PRISON COMPANY,                     )
                                        )
                Defendants.             )

**ORDER**

Eddrell Scott filed a complaint identifying himself and four other New Castle Correctional Facility prisoners as plaintiffs. The Federal Rules of Civil Procedure allow multiple plaintiffs to join together in an action under some circumstances. *See* Fed. R. Civ. P. 20. But that does not mean it is always a wise choice. Indeed, the Seventh Circuit has identified several risks for prisoners who join together as plaintiffs in a civil rights action:

- If the action is dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, every plaintiff will incur a "strike" under 28 U.S.C. §

1915(g). This may limit the plaintiff from bringing future actions in federal court.

- If the plaintiffs engage in conduct sanctionable under Federal Rule of Civil Procedure 11, each individual plaintiff may be exposed to sanctions.

- If the plaintiffs are proceeding *in forma pauperis*, each of them will be obligated to pay the full filing fee.

*See Boriboune v. Berge*, 391 F.3d 852, 855–56 (7th Cir. 2004).

The complaint, dkt. [1], is **dismissed** pursuant to Federal Rule of Civil Procedure 11(a) because it is signed only by Mr. Scott and not by any of the remaining plaintiffs.  Those plaintiffs who wish to continue with a joint action have **through November 1, 2024**, to file an amended complaint signed by each plaintiff.  It must be labeled with the title "amended complaint" and the case number for this action.  It must address each defendant and claim the plaintiffs wish to pursue in this action and state each factual allegation demonstrating that their claims are plausible.

The plaintiffs may not proceed with a class action because they have not identified an adequate class representative.  "One or more members of a class may sue . . . as representative parties on behalf of all members only if . . . the representative parties will fairly and adequately protect the interests of the class."  Fed. R. Civ. P. 23(a).  "[I]t is *generally* not an abuse of discretion for a district court to deny a motion for class certification on the ground that a pro se litigant is not an adequate class representative."  *Howard v. Pollard*, 814

F.3d 476, 478 (7th Cir. 2015) (emphasis in original) (denying petition to appeal denial of motion for class certification in which district court denied motion for class certification because plaintiffs were proceeding *pro se* and, thus, not adequate class representatives); *see Goodvine v. Meisner*, 608 F. App'x 415, 417 (7th Cir. 2015) (affirming denial of pro se plaintiffs' motion for class certification).

Mr. Scott's motion for leave to proceed *in forma pauperis,* dkt. [2], is **denied as presented** because it is not supported by a statement of his inmate trust account transactions as required by 28 U.S.C. § 1915(a)(2).

Each defendant who wishes to proceed with the case will have **through November 1, 2024**, to pay the $405.00 filing fee or file a motion for leave to proceed *in forma pauperis* supported by a statement of his inmate trust account transactions for the six months preceding the filing of the complaint. 28 U.S.C. § 1915(a)(2).

Failure to complete these steps in the time provided may result in dismissal without further warning or opportunity to show cause. The **clerk is directed** to include a civil rights complaint form and a form motion for leave to proceed *in forma pauperis* with each plaintiff's copy of this order. Moving forward, every document the plaintiffs file *except* their individual *in forma pauperis* motions must be signed by each plaintiff still in the case. *See* Fed. R. Civ. P. 11(a).

**SO ORDERED.**

Date: 10/7/2024

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

EDDRELL SCOTT
132122
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
P.O. Box E
NEW CASTLE, IN 47362

ELY
202078
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
P.O. Box E
NEW CASTLE, IN 47362

DANIEL VEGA
250899
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
P.O. Box E
NEW CASTLE, IN 47362

LILLIE
289942
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
P.O. Box E
NEW CASTLE, IN 47362

BACHAR
225760
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
P.O. Box E
NEW CASTLE, IN 47362