UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| EDDRELL SCOTT, <br> DANIEL VEGA, <br><br>    Plaintiffs, <br><br>   v. <br><br> CHRISTINA REAGLE, et al, <br><br>    Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) No. 1:24-cv-01518-JPH-KMB <br> ) <br> ) <br> ) <br> ) |

**ORDER**

  The complaint that initiated this civil rights action pursuant to 42 U.S.C. § 1983, filed on September 4, 2024, names five plaintiffs. Dkt. 1. Only Plaintiff Eddrell Scott signed the original complaint. After the Court granted an opportunity to correct this deficiency, only Mr. Scott and Plaintiff Daniel Vega signed the amended complaint, and the Court dismissed the other three Plaintiffs. Dkts. 17, 18. On January 30, 2025, the Court screened the amended complaint and dismissed any claim by Mr. Vega. Dkt. 23.

  The Court permitted Plaintiffs one final opportunity—through February 28, 2025, to file a second amended complaint that contains viable claims by Mr. Vega. *Id.* Subsequently, Mr. Vega filed two responses to the Court's order, dkts. 24, 25, neither of which can be construed as a second amended complaint. In his first, unsigned response, however, Mr. Vega indicates that he never received certain correspondence from the Court, including the complaint form. Dkt. 24. Because he may not have received notice, the Court extends the

deadline to cure previously noted deficiencies and makes the following warning about continuing with joint litigation.

The Court previously advised Plaintiffs of some of the perils associated with trying to litigate a case jointly, including that each plaintiff would be obligated to pay the filing fee; each plaintiff could incur a "strike" if the complaint failed to state a viable claim; and each plaintiff could be subject to sanctions if any of the plaintiffs violated Rule 11 of the Federal Rules of Civil Procedure. Dkt. 11 at 1-2.

Another challenge not previously mentioned by the Court was the difficulty of litigating an action together when Plaintiffs are not housed in the same facility. Under Federal Rule of Civil Procedure 11(a), unrepresented litigants must sign "[e]very pleading, written motion, and other paper" submitted to the court. As Plaintiffs are unrepresented, they must sign every filing. *Wand v. TextBehind*, 2025 WL 303796, at *2 (7th Cir. Jan. 27, 2025) (citing *AsymaDesign, LLC, v. CBL & Assocs. Mgmt., Inc.*, 103 F.4th 1257, 1258-59 (7th Cir. 2024). When they initiated the complaint, both Mr. Scott and Mr. Vega were housed at New Castle. Mr. Scott has since been released from IDOC custody. Dkt. 19. Thus, instead of proceeding with this action together, Mr. Scott and Mr. Vega may want to consider filing a motion to sever this action into separate actions so that they are able to manage this litigation from separate locations. And they would be wise to do so in a timely fashion. *Wand*, 2025 WL 303796, at *2 (finding district court did not abuse its discretion when it refused to sever cases after the defendant had moved for summary judgment

given that the court had warned plaintiffs about the difficulties of litigating in a joint case).

Accordingly, the Plaintiffs will have **through April 25, 2025**, to either file an amended complaint or a motion to sever. If Plaintiffs file a second amended complaint together, it must be labeled as the second amended complaint and with the case number, 1:24-cv-01518-JPH-KMB. It must be signed by both Plaintiffs. In the alternative, Mr. Vega may file a motion to sever his case from this action, and this action will proceed with Mr. Scott's screened claims alone and the Court will at that time issue process to the defendants.

If the Plaintiffs take no action by the April 25, 2025, deadline, Mr. Vega's claims will be dismissed without prejudice for the reasons noted in Part III of the screening order, dkt. 23 at 3-4, and the action will proceed with Mr. Scott's screened claims alone.

The **clerk is directed** to include a civil rights complaint form with each Plaintiff's copy of this order and to update the docket to reflect the correct spelling of Defendants' names as follows: Christina Reagle, IDOC Commissioner; Deana Dwenger; Centurion Health of Indiana, LLC; and GEO Group The **clerk is directed** to send Mr. Vega a copy of the Screening Order, dkt. 23, and a copy of the docket sheet with his copy of this Order.

**SO ORDERED.**

Date: 3/27/2025

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

EDDRELL SCOTT
6510 Bristol Rd
Fort Wayne, IN 46807

DANIEL VEGA
250899
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
P.O. Box E
NEW CASTLE, IN 47362